IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 10-60286 |
| | * | |
| EVAN MCLEAN SIMPSON and | * | |
| PENNEY SUE SIMPSON | * | |
| | * | |
| DEBTOR | * | CHAPTER 13 |

_____

| | | |
|---|---|---|
| EVAN MCLEAN SIMPSON and | * | ADVERSARY PROCEEDING |
| PENNEY SUE SIMPSON | * | NO. 10-6015 |
| | * | |
| VS | * | |
| | * | |
| MRU STUDENT LOAN TRUST 2007-A, | * | |
| WILMINGTON TRUST COMPANY AS | * | |
| TRUSTEE | | |

# RESPONSE TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

## TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MRU STUDENT LOAN TRUST 2007-A, WILMINGTON TRUST COMPANY AS TRUSTEE, and files this Response to the Debtors Complaint to Determine Dischargeability of Debt and as grounds therefore, respectfully shows the Court as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Respondent cannot admit or deny since this information is not within their personal knowledge.
6. Admitted.
7. Respondent cannot admit or deny since this information is not within their personal knowledge.
8. Respondent cannot admit or deny since this information is not within their personal knowledge.

9. Respondent cannot admit or deny since this information is not within their personal knowledge.
10. Respondent cannot admit or deny since this information is not within their personal knowledge.
11. Admitted.
12. Respondent cannot admit or deny since this information is not within their personal knowledge. However, Respondent has provided this information to Debtor.
13. Admitted.
14. Admitted.
15. Respondent cannot admit or deny since this information is not within their personal knowledge.
16. Respondent cannot admit or deny since this information is not within their personal knowledge.
17. Respondent cannot admit or deny since this information is not within their personal knowledge.
18. Respondent cannot admit or deny since this information is not within their personal knowledge.
19. Respondent cannot admit or deny since this information is not within their personal knowledge.
20. Respondent cannot admit or deny since this information is not within their personal knowledge.
21. Respondent cannot admit or deny since this information is not within their personal knowledge.
22. This calls for a legal conclusion.
23. This calls for a legal conclusion.
24. This calls for a legal conclusion..
25. This calls for a legal conclusion..
26. This calls for a legal conclusion.
27. This calls for a legal conclusion.
28. This calls for a legal conclusion.
29. This calls for a legal conclusion.

30. This calls for a legal conclusion.
31. This is stating what the Debtor contends is the law. Does not require a response.
32. This calls for a legal conclusion.
33. This calls for a legal conclusion.
34. This calls for a legal conclusion.
35. This calls for a legal conclusion.
36. This calls for a legal conclusion.
37. Respondent cannot admit or deny since this information is not within their personal knowledge.
38. Respondent cannot admit or deny since this information is not within their personal knowledge.
39. Denied.
40. This calls for a legal conclusion.
41. Denied.

## **COUNTERCLAIM**

NOW COMES MRU STUDENT LOAN TRUST 2007-A, WILMINGTON TRUST COMPANY AS TRUSTEE, and files this counter claim against Debtor and as grounds therefore, respectfully show the Court as follows:

1. Debtor Evan McLean Simpson is counsel of record and a copy of this Counter Claim can be served on him at the address below.
2. By way of his Complaint, Debtor and his wife have filed these proceedings to determine if the student loan debt is non dischargeable.
3. Debtor and his wife executed the following notes:

    | Date | Amount | Balance |
    | --- | --- | --- |
    | 5-11-2006 | $32,171.58 | $41,602.42 |
    | 11-17-2006 | $20,833.33 | $24,568.84 |
    | 2-23-2007 | $15,957.45 | $15,933.52 |
    | 7-06-2007 | $16,085.79 | $18,675.80 |

4. All loans were executed by both Debtors. In addition, Penny Simpson executed a personal guaranty.

5. Copies of all notes and personal guaranties will be marked as exhibits and introduced at time of trial.
6. Debtor represented to Counter Plaintiff that all loan proceeds were being used for educational purposes only.
7. Since the date of the loans, Debtor and Co-Debtor have made one payment of $510.63. They have not made any other payments on any of the above described loans.
8. Counter Plaintiff would show the Court that the total balance due and owing on all notes is $100,780.58, not including attorney fees and cost.
9. Counter Plaintiff has been required to retain counsel to represent it in these proceedings.
10. Counter Plaintiff would request that in the event this Court finds that the student loans are not dischargeable, that the Court also find that all attorney fees and costs incurred are also non dischargable and enter a judgment against Debtor for these additional funds.
11. Counter Plaintiff would ask that the Court enter a judgment in the sum of $100,780.58, plus interest, attorney fees and cost.
12. Further, Counter Plaintiff would show the Court that Debtors executed the promissory notes described hereinabove and represented to Counter Plaintiffs that the proceeds from these loans were to be used for educational purposes. According to Debtors representations in the adversary, he did not do so because he had other monies he used to pay for educational expenses. Counter Plaintiff would show the court that these loans were made to the Debtors based on their alleged false representations.
13. 11 USC §523 states that a discharge does not discharge a debtor from any debt-
(2) for money... to the extent obtained by-
   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtors or an insiders financial condition.
14. CounterPlaintiff would request that in the event this court finds that the Debtors did not use the monies for educational purposes, that the debt be declared to be non dischargeable pursuant to 11 USC §523.

Wherefore, Respondent requests that after trail on the merits, this Court deny the

relief requested by Debtor, award Respondent a judgement in the sum of $100,780.58, plus all costs and attorney fees, find that the debt is non dischargable and for any other relief to which it may be justly entitled.

                Respectfully Submitted,

                MONTEZ & WILLIAMS, P.C.
                JOHN A. MONTEZ
                3809 W. Waco Drive
                Waco TX 76710
                254-759-8700
                254-759-8700

                BY:_____
                 JOHN A. MONTEZ

## **CERTIFICATE OF CERTIFICATE**

  I hereby certify that a true and correct copy of the above was sent to all parties of interest listed below by First Class U.S. Mail or email on this the _16th  day of August, 2010.

Evan and Penny Simpson
1915 Cumberland Ave.
Waco TX 76707

James Studensky
3912 W. Waco Drive
Waco TX 76710

                _____
                 JOHN A. MONTEZ